UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John-Henry Doe, | Case No. 19-cv-1294 (DWF/SER) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Mower County Sheriff Office, Officer Jim Lamecker, Austin Police Department, Officer John Mueller, Officer Ryan Leif, Officer Ryan Mccormack, Officer Dave Dyke, | |
| Defendants. | |

STEVEN E. RAU, United States Magistrate Judge

This matter is before the Court on Plaintiff John-Henry Doe's Motion to Proceed Under Pseudonym (ECF No. 5), which was referred for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.2. (ECF No. 3). The Court recommends Plaintiff's motion be denied for the reasons stated below.

## I. BACKGROUND

Plaintiff filed a Complaint on May 16, 2019. He did not include his actual name in the caption of the Complaint, as required by Federal Rule of Civil Procedure 10(a), but proceeded anonymously under a "John-Henry Doe" pseudonym. Further, he did not request the Court's permission before filing his Complaint anonymously, which is the preferred practice. *Roe v. St. Louis Univ.*, No. 4:08CV1474 JCH, 2009 WL 910738, at *3 (E.D. Mo. Apr. 2, 2009).

Plaintiff alleges that his cause of action involves a violation of his "freedom of movement and right to travel freely." (ECF No. 1, Compl., at 5). Plaintiff claims he was stopped outside the Austin Police Department and given a citation for driving without valid driver's license. (Compl., at 3). Plaintiff states:

> There is absolutely no reason, as evidence and case laws prove . . . for the Claimant to continue "purchasing" a "plastic card" from the private business called the "DMV" and be forced to be associated with said private business in order to exercise his unalienable rights to go about his private life in his private property and be left alone from government intrusion and deprivations of freedoms as the Defendants caused to happen. . . . The Defendant's actions is "criminal racketeering" and extortion by intimidation by means of paper terrorism."

(Compl., at 4).

On June 11, 2019, Plaintiff filed an ex parte motion to proceed under a pseudonym. Plaintiff "seeks to conceal his identity pursuant of this case to prevent retaliation or other forms of oppression from the Defendants during the process and discovery of this case . . . ." (ECF No. 5, at 1). Plaintiff requests the Court's permission to proceed anonymously in one of the following three ways:

> (1) filing a complaint under the plaintiffs true name, and then requesting a protective order or leave to amend the complaint to shield the plaintiff[']s identity; (2) using pseudonyms in the complaint but setting forth the plaintiff's true name in an attached letter; or (3) using a fictitious name in the complaint but verifying the complaint by signing the plaintiff[']s true name."

(ECF No. 5, at 2).

## II. DISCUSSION

Federal Rule of Civil Procedure 10(a) generally requires parties to identify themselves. *Doe I v. Individuals*, 561 F.Supp.2d 249, 257 (D. Conn. 2008) . "There is a

strong presumption against allowing parties to use a pseudonym," *Luckett v. Beaudet*, 21 F.Supp.2d 1029, 1029 (D. Minn. 1998), and it is the exceptional case in which a party is allowed to proceed anonymously, *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). The public has a First Amendment right to access judicial proceedings, and part of that right is knowing the identity of the parties. *Luckett*, 21 F.Supp.2d at 1029. When a plaintiff commences an action in federal court, he "invites public scrutiny of the dispute and the proceeding." *Id*. Notwithstanding the foregoing, a party may proceed anonymously in three circumstances: (1) if the plaintiff is challenging certain governmental activity; (2) if the plaintiff would have "to disclose information of the utmost intimacy" in pursuing his claims; or (3) if the plaintiff would be compelled to admit an intention to commit a criminal act, thereby exposing himself to prosecution. *Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)) (internal quotation omitted) (further noting the list is not exhaustive). While Plaintiff does not specify which condition he meets to proceed anonymously, the Court construes the motion in his favor and presumes Plaintiff moves to proceed anonymously under the first circumstance – that of challenging governmental activity.[1]

In *Doe v. Stegall*, two child plaintiffs challenged the constitutionality of prayer and bible reading exercises in public school. 653 F.2d at 182. The court found the Does clearly challenged government activity and the "[e]vidence on the record indicate[d] that the Does may expect extensive harassment and perhaps even violent reprisals if their identities are disclosed to a Rankin County community hostile to the viewpoint reflected in plaintiffs'

---

[1] The Court finds no mention of disclosing "information of the utmost intimacy" or of Plaintiff exposing himself to prosecution.

complaint." *Id.* at 186. The court found that the threat of violence, along with the fact that the plaintiffs were children, weighed in favor of maintaining the Does' anonymity. *Id.*

Here, Plaintiff has failed to show that his claims against the Government could result in any form of retaliatory conduct. Specifically, Plaintiff does not allege, much less show, that there is a possibility that he might suffer extensive harassment or violent reprisals by the government officials named in his suit in the event his name is disclosed. While Plaintiff asserts conclusory allegations that revealing his identity will cause "retaliation [and] other forms of oppression from Defendants," Plaintiff points to no evidence or factual basis for his conclusion. Furthermore, the subject-matter of Plaintiff's suit, being able to drive without a valid state driver's license, is not a volatile topic to which he might face public backlash in the manner bible-reading in public schools was in *Doe*. Plaintiff has failed to show that the government activity he challenges requires his anonymity to proceed.

### III.  RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** Plaintiff John-Henry Doe's Motion to Proceed Under Pseudonym, (ECF No. 5), be **DENIED**.

Date: July 16, 2019                         *s/ Steven E. Rau*
                                            Steven E. Rau
                                            United States Magistrate Judge

### NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgement of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

4

5

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).