UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| John-Henry Doe, | Civil No. 19-1294 (DWF/SER) |
|     Plaintiff, | |
| vs. | |
| Mower County Sheriff Office; Jim Lemecker, Officer; Austin Police Department; John Mueller, Officer; Ryan Lief, Officer; Ryan McCormack, Officer; and David Dyke, Officer, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT** |
|     Defendants. | |

_____

## INTRODUCTION

The Plaintiff in this action is known to Mower County and its officials to be Benjamin Stayton. Stayton has unusual beliefs about the law and considers himself to be a "sovereign citizen." He claims he does not need to have a driver's license to drive on Minnesota's roads. He has filed at least four recent claims against Mower County and its officials, the last three under the name "John-Henry:Doe." Mower County now moves for an order declaring Benjamin Stayton a vexatious litigant and requiring him to obtain approval before filing any future actions against Mower County, its officials, or its employees.

## STATEMENT OF DOCUMENTS RELIED ON

1.    The Complaint.

2.    This court's records and proceedings in the cases of:

1

<u>Benjamin Dukhovnyy Voin Bey, a/k/a Benjamin Stayton v. Mower County Health and Human Services Office of Child Support</u>, Minnesota District Court Case No. 15-cv-2728 (JNE/TNL);

<u>John-Henry Doe v. Mower County Sheriff Office and Jason Bresser</u>, Minnesota District Court Case No. 0:18-cv-03152 (WMW/ECW); and

<u>John-Henry: Doe v. Mower County Health and Human Services, et al.</u>, District Court Case No. 18-CV-3221 (WMW/KMM).

## **STATEMENT OF ISSUES**

1. Is Stayton a vexatious litigant?

2. Should the Court enter an order requiring Stayton to obtain approval before filing future actions against Mower County, its officials, or its employees?

## **STAYTON'S LAWSUITS**

This lawsuit is a continuation of a series of federal lawsuits, all on their face frivolous, filed by Stayton against Mower County, its officials, and employees. Three of these four lawsuits were filed within the last year.

The first-filed action was <u>Benjamin Dukhovnyy Voin Bey, a/k/a Benjamin Stayton v. Mower County Health and Human Services Office of Child Support</u>, Minnesota District Court Case No. 15-cv-2728 (JNE/TNL) ("<u>Stayton I</u>"). In that case, Stayton claimed to be "a Moorish National," asserted that he was immune from Minnesota law, and claimed that the law relating to child support could not be applied to him. (<u>Stayton I</u>, Report and Recommendation ("R & R"), ECF No. 5.) The Complaint was presented with his request for in forma pauperis ("IFP") status. Magistrate Judge Leung deemed the Complaint frivolous and recommended denial of the IFP request and dismissal of the action pursuant to

28 U.S.C. § 1915(e)(2)(B), which provides for the dismissal of frivolous claims presented during the IFP request process. Id.

In late 2018, Stayton filed a second action, John-Henry Doe v. Mower County Sheriff Office and Jason Bresser, Minnesota District Court Case No. 0:18- cv-03152 (WMW/ECW) ("Stayton II"). In that case, filed under a false name with no notice of the use of a pseudonym to the Court at the time of filing, Stayton made allegations similar to those made here: that he can drive without a driver's license and is exempt from arrest for such an offense.[1] Magistrate Judge Cowan-Wright analyzed the Complaint and determined that it was frivolous. She issued an R & R that recommended that IFP status be denied and that the matter be dismissed, again pursuant to § 1915(e)(2)(B). (Stayton II, R & R, ECF No. 4.). Stayton objected to this R & R.

Stayton's third action against Mower County and its officials was also filed in late 2018. John-Henry:Doe v. Mower County Health and Human Services, et al., District Court Case No. 18-CV-3221 (WMW/KMM) ("Stayton III"). In that case, Magistrate Judge Menendez granted Stayton IFP status, though there is no indication that she would have known that the matter was filed under a false name. (Stayton III, Order, ECF No. 1). Mower County then filed a motion to dismiss Stayton III. In connection with Stayton III, the County pointed out that Stayton filed the IFP request and the action under a false name.

---

[1] In reality, it was not at all clear from the initial complaint what he was alleging, but later filings, including the submission of a lengthy treatise, shed some light on the allegations contained in the Complaint.

While the motion to dismiss in Stayton III was pending, Judge Wright handed down her ruling on Stayton's objection to the R & R denying IFP status in Stayton II. Judge Wright sustained Stayton's objection to Magistrate Judge Cowan-Wright's R & R on the ground that even frivolous lawsuits should be granted IFP status and allowed Stayton II to proceed without regard to whether it was frivolous. (Stayton II, Order, ECF No. 7.)

In the meantime, Magistrate Judge Menendez recommended that the County's motion to dismiss in Stayton III be granted. (Stayton III, R & R, ECF No. 35.) Though suggesting that Stayton's name should have been used with respect to his filings, Magistrate Judge Menendez did not find it necessary to address the legal issues related to Stayton filing the suit under a false name. (Id.) Stayton objected to the R & R and that objection is pending before Judge Wright.

Just before the filing of this action, Mower County filed its motion to dismiss in Stayton II. (Stayton II, ECF No. 20). Because Magistrate Judge Cowan-Wright had already issued an order saying that the Complaint was frivolous, the County relied on many of the points made in that order. (Stayton II, Memorandum, ECF No. 22.) In Stayton II, the parties also briefed a motion by Stayton to proceed under a pseudonym. (Stayton II, ECF Nos. 17, 26.) The motion to dismiss and the motion to proceed under a pseudonym are pending before Magistrate Judge Cowan-Wright at this time.

This fourth action presents another frivolous complaint. Stayton alleges that he was pulled over for driving without a license after visiting the Mower County courthouse in Austin, Minnesota. (Complaint, ECF No. 1, p. 2-3.) He contends that after stopping at the courthouse and discussing other legal cases he had pending against the County, he left the courthouse in a motor vehicle and was then stopped for driving without a license. (Id.) He claims that Deputy James Lemecker figured out that he did not have a driver's license and conveyed this information to Austin police officers, who then stopped his vehicle. (Id. at p. 3.) Stayton contends that the ticket he received after being pulled over is "paper terrorism." (Id.) He argues that the officers had no standing to detain him and give him a ticket because he never entered a contract with them. (Id.) He also claims he was threatened with arrest if he continued to drive without a valid license. (Id.)

In contravention of Rule 8's requirement that the complaint include "a short and plain statement of the claim," the lengthy complaint in this case is a motley hodgepodge of jumbled nonsense. Some of the more unusual contentions are:

- Plaintiff is a "Moor: National" (Id. at 1.)
- The officers are "highwaymen" or bandits (Id. at p. 5.)
- The referenced traffic regulations are ex post facto laws (Id.)
- Traffic infractions are civil matters that can only be brought against corporations (Id. at p. 16.)

- There is a broad conspiracy to turn admiralty law against citizens to deprive them of their constitutional rights (Id.)

- Driver's licenses are "not for those who are Traveling" (Id. at p. 18.)

- When "Natural people" operate private vehicles on the roads "they are not 'driving'; they are 'traveling.'" (Id. at 19.)

- The Book of Exodus provides controlling authority in this case (Id. at p. 23.)

Despite its lengthy wanderings, the crux of Stayton's complaint in this case is that he thinks he should be able to drive on public roadways without a driver's license and without the interference of law enforcement.

## ARGUMENT

### I.  PLAINTIFF IS A VEXATIOUS LITIGANT

The right of access to the court is not absolute or unconditional. See Green v. White, 616 F.2d 1054, 1055–56 (8th Cir. 1980). Defendants have a right to be free from "harassing, abusive, and meritless litigation," and federal courts have "a clear obligation to exercise their authority to protect litigants from such behavior." In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988). An injunction may issue against a plaintiff who exhibits "a propensity for filing numerous meritless and vexatious lawsuits which clutter the docket of this court and put defendants to the time and expense of answering frivolous and frequently incomprehensible allegations." Brown v. Gibson, 571 F. Supp. 1075, 1077 (W.D. Mo. 1983); see In re McDonald, 489 U.S. 180 (1989); Nelson v. Butler, 929 F.Supp. 1252, 1260

6

(D. Minn.1996) (issuing an order prohibiting plaintiff from commencing an action against the defendants on the same claims); <u>Kaminetzky v. Frost Nat. Bank of Houston</u>, 881 F.Supp. 276, 277 n. 1 (S.D.Tex. 1995) (citing cases enjoining certain litigants from filing pleadings and complaints when necessary to deter vexatious and frivolous litigation).

Apart from the number of lawsuits Stayton has filed, four, there are several circumstances that weigh in favor of imposing the sanction of an order preventing further frivolous litigation: Stayton's litigation is premised on "sovereign citizen" theories, which have been resoundingly and repeatedly rejected by the courts; Stayton's various pleadings contain highly bizarre, fanciful, and sometimes incomprehensible allegations; and both IFP applications and complaints have been deceptive in that they have been brought in false names.

First, "sovereign citizen" theories, such as the theories advanced here by Stayton, have been roundly rejected by the courts. <u>U.S. v. Mooney</u>, 2017 WL 2352002 *3 (D. Minn. 2017) (unpublished) ("[S]overeign citizen" arguments "have been thoroughly and consistently rejected by courts throughout this country."). <u>United States v. Benabe</u>, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.").

Second, Stayton's lawsuits have included highly bizarre, fanciful, and sometimes incomprehensible allegations. Some of these allegations are listed above at 5-6. In <u>Stayton III</u>, Plaintiff offered the following arguments:

- He claimed that "The Claimant may file as an 'anonymous plaintiff' due to 'certain circumstances' and the Claimant invokes that 'certain circumstances' exist <u>ab initio</u>." (Claimant's Counterclaim to Defendant's Motion to Dismiss, ECF No. 26, p. 2, ¶ 4.)

- He filed a "Writ of Discovery" with an exhibit, Exhibit 2, that purports, in the year 2014, to appoint someone General of the Grand Army of the Republic, a body consisting of veterans of the American Civil War. (Writ of Discovery, ECF No. 22, Ex. 2, p.1.[2])

- The "Writ of Discovery" also alleged that in 2014 President Barack Obama had no authority as President of the United States. <u>Id.</u>

- Plaintiff offers a diatribe asserting that child support laws are maritime laws: "CHILD SUPPORT . . . is a maritime action for the enforcement of a contract." Claimant's Memorandum of Law in Support of Counterclaim, ECF No. 27, p. 8-9.

- Plaintiff asserted that child support requirements violate the terms of the Northwest Ordinance of 1787. (Declaration of Plaintiff's Facts, ECF No. 31, p. 3, ¶ 15.)

---

[2] This impugns the memory of Minnesotan Albert Woolson, the last known surviving member of the Union Army and the Grand Army of the Republic, who died in in Duluth in 1956. https://en.wikipedia.org/wiki/Albert_Woolson

- Plaintiff averred that "Scripture Law trumps Administrative Law." (Judicial Notice, Facts Pertaining to 'Child Support Provisions', ECF 30, p. 2.)
- Plaintiff alleges that all men are independent of all laws, except the laws of nature. (Id., p. 3.)

Stayton has burdened the Court and the parties with arguments that are beyond frivolous, sometimes surreal.

Third, it is worth noting that Stayton has not been candid with the Court in the various actions that he has filed. Although in this case he filed a motion to proceed under a pseudonym, in the IFP applications he filed in Stayton II and Stayton III, he was representing his name as John-Henry:Doe. Of course, a party wishing to maintain an action in a name other than the party's real name is required to file a motion to do so. Doe, 210 F. Supp. 3d at 1172. "Bringing a lawsuit under a false name is a serious act and courts do not treat it lightly." Hill v. Police Officer, No. CV 16-5108-JLV, 2017 WL 530457, at *1 (D.S.D. Feb. 9, 2017). As the Eleventh Circuit Court of Appeals has observed:

> A trial is not a masquerade party nor is it a game of judicial hide-n-seek where the plaintiff may offer the defendant the added challenge of uncovering his real name. We sometimes speak of litigation as a search for the truth, but the parties ought not have to search for each other's true identity.

Zocaras v. Castro, 465 F.3d 479, 484 (11th Cir. 2006). Filing suit under a false name is so serious that it warrants dismissal with prejudice. Dotson v. Bravo, 321 F.3d 663, 668, 669 n.4 (7th Cir. 2003). It is true that in this matter, filed after

previous actions where the County had pointed out what he was doing, Stayton made application to proceed under a pseudonym. But this hardly undoes the impropriety of filing actions under false names. Lack of candor on an IFP application is properly considered when determining whether to deem a litigant a vexatious litigant. Olson v. Ramsey Cty., No. 15-3131 (DWF/JSM), 2015 WL 5778478, at *6 (D. Minn. Oct. 1, 2015), aff'd (Feb. 18, 2016).

Several orders of this court have deemed Stayton's lawsuits meritless and frivolous. Magistrate Judge Leung, in Stayton I, an action Stayton filed under the name "Voin Bey aka Benjamin Stayton," accurately encapsulated the nature of Stayton's lawsuits:

> Voin Bey's complaint and accompanying documents bear many of the hallmarks of frivolity. The complaint is replete with citations to irrelevant cases and excerpts from a "Treaty of Peace and Friendship" between the Moors and the United States, making it exceedingly difficult to separate Voin Bey's factual allegations from the chaff that permeates the rest of the pleading. Throughout the complaint, from the caption ("Voin Bey, Authorized Representative, Non corporate Entity, All Rights Reserved, Sui Juris, De Jure, In Propria Persona. . .") to the signature block ("Voin bey Sui Juris, De Jure, In Propria Persona, Ex Rel BENJAMIN STAYTON. All rights reserved without recourse." [Sic throughout]), Voin Bey peppers legalistic incantations of no real-world significance. And the central premise of Voin Bey's lawsuit—that he is immune from legal obligations because he is a "Moorish American National," Compl. at 8—is nonsensical. This is a frivolous lawsuit.

Stayton I, slip op. at 3. Mower County has now faced four lawsuits advancing fanciful legal theories and frivolous allegations. Mower County respectfully asks the Court to put a stop to the needless expense, inconvenience, distraction, and

waste of time experienced by the many parties Stayton has sued by entering the order requested below.

**II. THE COURT SHOULD ENTER AN ORDER THAT REQUIRES PLAINTIFF TO OBTAIN PRIOR COURT APPROVAL BEFORE COMMENCING SUIT AND REQUIRING PLAINTIFF TO COMMENCE FUTURE ACTIONS UNDER HIS LEGAL NAME.**

When a litigant engages in a pattern of filing frivolous claims, a court may enter an order requiring a litigant to obtain court approval before filing future lawsuits. Sassower v. Carlson, 930 F.2d 583, 584 (8th Cir. 1991). Mower County and Lemecker request that the Court enter an order with the following provisions:

- Enjoining Stayton from filing any civil action in the United States District Court for Minnesota against Mower County, its officials, or its employees without first obtaining leave of court;

- Requiring Stayton, in seeking leave to file any action, to certify that the claim or claims he wishes to present are not frivolous, malicious, or brought in bad faith;

- Requiring Stayton to affix a copy of the Court's order creating these sanctions to any motion for leave to file a claim; and

- Requiring Stayton to use his proper legal name both when applying for IFP status and on the pleadings of any future action he might bring.

Stayton has put the County to great expense and inconvenience by advancing frivolous pleadings. He has also affronted the Court and the integrity

of the judicial process by filing pleadings under false names. An order similar to the one provided in <u>Sassower</u>, providing the requirements requested above, and including a requirement that Plaintiff initiate proceedings in his legal name, is an appropriate remedy.

               QUINLIVAN & HUGHES, P.A.

Dated: August 8, 2019         s/ Kenneth H. Bayliss
               Kenneth H. Bayliss
               Attorney ID# 157569
               Attorneys for Defendants Mower
               County Sheriff Office and Lemecker
               P.O. Box 1008
               St. Cloud, MN  56302-1008
               Phone: (320) 251-1414
               Fax: (320) 251-1415
               kbayliss@quinlivan.com