**SAMUEL E. ROHRER, MEMBER**
128TH LEGISLATIVE DISTRICT
HOUSE BOX 202020, MAIN CAPITOL
ROOM 402-B, IRVIS OFFICE BUILDING
HARRISBURG, PA 17120-2020
PHONE: (717) 787-8550
FAX: (717) 783-7862
srohrer@pahousegop.com

DISTRICT OFFICE:
29 VILLAGE CENTER DRIVE, SUITE A7
READING, PA 19607
PHONE: (610) 775-5130
FAX: (610) 775-3736
www.samrohrer.com



*House of Representatives*
COMMONWEALTH OF PENNSYLVANIA
HARRISBURG

**COMMITTEES**

EDUCATION
MAJORITY CHAIRMAN, SUBCOMMITTEE
  ON BASIC EDUCATION
APPROPRIATIONS
LABOR RELATIONS
GAME & FISHERIES
POLICY

**CAUCUSES**

COMMONWEALTH CAUCUS
EAST CENTRAL CAUCUS

April 18, 2006

Judge Phyllis R. Streitel
Chester County Court of Common Pleas
2 N. High St.
West Chester, PA 19380

Dear Judge Streitel:

It has recently been brought to my attention that on March 26, 2006, Mr. William Taylor Reil, a defendant in Criminal Action Number 4470-02 before the Court of Common Pleas, was found guilty of violating two provisions of the Transportation Code, 75 Pa. C.S.A. § 7122 (3) and 75 Pa. C.S.A. § 1543 (a).

I have come to know Mr. Reil very well during the past 14 years and I respect his understanding of the law concerning the right of an individual to travel, among other things. I believe Mr. Reil has a better understanding of this area of the law than many licensed attorneys.

While I am not a licensed attorney, I have asked a member of my staff who is a Pennsylvania licensed attorney to examine Mr. Reil's understanding of this complex issue. The conclusion reached by my staff member was that Mr. Reil has thoroughly researched the issue and has based his arguments on solid legal precedent. I have also performed my own in-depth research over the years and I, too, have reached the conclusion that Mr. Reil stands on solid legal footing.

The crux of the issue is whether Title 75 can properly be applied to an individual. Within an individual's right to liberty is the inherent right to travel. If one's movement can be restrained, such restraint is intrinsically a restraint of his liberty. Mr. Reil's use of an automobile is simply an extension of his personal liberty to move about as he wishes.

My research, and that of my staff, confirms that Title 75 can only properly be applied to commercial vehicles and commercial use of the roads. An individual who wishes to utilize an automobile or other means of conveyance in order to exercise his right to travel cannot lawfully be required to obtain a license to drive or to register his automobile in order to operate it freely on our roads.

I have not reached the above conclusions without understanding the vast implications that would follow from these conclusions. I am well aware that a ruling of this nature would "undo" years of enforcement of our existing laws. I am also well aware of the enormous economic impact such a ruling would have on the Department of Transportation.

However, no one today would dare argue that we should not have eliminated slavery because it was too costly to the American economy. When rights are being violated, no cost is too high to return those rights to the individuals who hold them. Slavery is the ultimate restriction of one's liberty. It limits one's rights in every conceivable way, including one's right to move about freely. Likewise, refusing to acknowledge an individual's right to travel is an unconstitutional restriction of one's liberty and should not be permitted to continue in Pennsylvania.

I respectfully request that you grant Mr. Reil's request for reconsideration of the March 27 verdict and review the facts and circumstances surrounding his request. He does not wish to perpetuate this situation any more than necessary; he is simply asking for an acknowledgement and protection of his right to travel and would like to return to living the peaceful life he has led over the years.

I would certainly be happy to speak with you concerning this issue if you would like to do so. I appreciate your willingness to consider the views I have expressed in this letter.

Sincerely,

**Samuel E. Rohrer**
State Representative
128th Legislative District

SER:jac

cc: William Taylor Reil

11                                                                                           LC 34 2781

House Bill 7

By: Representative Franklin of the 43rd

## A BILL TO BE ENTITLED
## AN ACT

1  To amend Title 40 of the Official Code of Georgia Annotated, relating to motor vehicles and
2  traffic, so as to repeal Chapter 5, relating to drivers' licenses; provide for a short title; to
3  report the findings of the General Assembly regarding the constitutionality of certain laws
4  relating to drivers' licenses; to provide for an effective date; to repeal conflicting laws; and
5  for other purposes.

6        BE IT ENACTED BY THE GENERAL ASSEMBLY OF GEORGIA:

7                                    **SECTION 1.**
8  This Act shall be known and may be cited as the "Right to Travel Act."

9                                    **SECTION 2.**
10 The General Assembly finds that:
11   (1) Free people have a common law and constitutional right to travel on the roads and
12   highways that are provided by their government for that purpose. Licensing of drivers
13   cannot be required of free people because taking on the restrictions of a license requires
14   the surrender of an inalienable right;
15   (2) In England in 1215, the right to travel was enshrined in Article 42 of Magna Carta:
16      It shall be lawful to any person, for the future, to go out of our kingdom, and to return,
17      safely and securely, by land or by water, saving his allegiance to us, unless it be in time
18      of war, for some short space, for the common good of the kingdom: excepting prisoners
19      and outlaws, according to the laws of the land, and of the people of the nation at war
20      against us, and Merchants who shall be treated as it is said above.
21   (3) Where rights secured by the Constitution of the United States and the State of
22   Georgia are involved, there can be no rule making or legislation that would abrogate
23   these rights. The claim and exercise of a constitutional right cannot be converted into a
24   crime. There can be no sanction or penalty imposed upon an individual because of this
25   exercise of constitutional rights;

26   (4) American citizens have the inalienable right to use the roads and highways
27   unrestricted in any manner so long as they are not damaging or violating property or
28   rights of others. The government, by requiring the people to obtain drivers' licenses, is
29   restricting, and therefore violating, the people's common law and constitutional right to
30   travel;
31   (5) In *Shapiro v Thompson*, 394 U.S. 618 (1969), Justice Potter Stewart noted in a
32   concurring opinion that the right to travel "is a right broadly assertable against private
33   interference as well as governmental action. Like the right of association...it is a virtually
34   unconditional personal right, guaranteed by the Constitution to us all." The Articles of
35   Confederation had an explicit right to travel; and we hold that the right to travel is so
36   fundamental that the Framers thought it was unnecessary to include it in the Constitution
37   or the Bill of Rights;
38   (6) The right to travel upon the public highways is not a mere privilege which may be
39   permitted or prohibited at will but the common right which every citizen has under his
40   or her right to life, liberty, and the pursuit of happiness. Under this constitutional
41   guarantee one may, therefore, under normal conditions, travel at his or her inclination
42   along the public highways or in public places while conducting himself or herself in an
43   orderly and decent manner; and
44   (7) Thus, the legislature does not have the power to abrogate the citizens' right to travel
45   upon the public roads by passing legislation forcing the citizen to waive the right and
46   convert that right into a privilege.

47                                            **SECTION 3.**
48   Title 40 of the Official Code of Georgia Annotated, relating to motor vehicles and traffic, is
49   amended by repealing Chapter 5, relating to drivers' licenses, and designating said chapter
50   as reserved.

51                                            **SECTION 4.**
52   This Act shall become effective upon its approval by the Governor or upon its becoming law
53   without such approval.

54                                            **SECTION 5.**
55   All laws and parts of laws in conflict with this Act are repealed.

HB 1778-FN-A-LOCAL - AS INTRODUCED

2018 SESSION

18-2144
03/10

HOUSE BILL *1778-FN-A-LOCAL*

AN ACT relative to registration of commercial motor vehicles and operator's/drivers' licenses.

SPONSORS: Rep. Marple, Merr. 24; Rep. Itse, Rock. 10; Rep. Comeau, Carr. 5

COMMITTEE: Transportation

---

ANALYSIS

This bill restates the "right to travel" and requires the department of safety to provide at no cost to all noncommercial automobile and noncommercial conveyance owners a decal and identification card that states the holder is exempt from registering his or her private conveyance under the Uniform Commercial Code exemption for consumer goods and household goods.

This bill also repeals requirements for certain drivers to aquire noncommercial drivers' licenses.

---

Explanation: Matter added to current law appears in *bold italics.*
Matter removed from current law appears [in brackets and struckthrough.]
Matter which is either (a) all new or (b) repealed and reenacted appears in regular type.
18-2144
03/10

STATE OF NEW HAMPSHIRE

*In the Year of Our Lord Two Thousand Eighteen*

AN ACT relative to registration of commercial motor vehicles and operator's/drivers' licenses.

*Be it Enacted by the Senate and House of Representatives in General Court convened:*

1  Statement of Purpose.  The general court finds that the authority of the department of safety is limited to only the commercial users of the public ways and that the corporate state employees have, by their silence, failed to fully inform the sovereign people of this state that an automobile has been confirmed by Chief Justice Grimes, in 108 N.H. 386, to be "private property" defined by current RSA 382-A:9-109, as "household goods" and "consumer goods" not for commercial use or for profit or gain.  Further, the courts have found that corporate public servants who ignore their accountability as

mandated in Article 8, N.H. Bill of Rights have by their silence and failure to fully inform the sovereign people of the consequences arising from the corporate "offer to contract," is deemed silent deception and inducement by fraud.

2 Right to Travel. RSA 261:40 is repealed and reenacted to read as follows:

261:40 Right to Travel.

I. For the purposes of this section:

(a) "Automobile" and "motorcycle" means any self-propelled conveyance used for noncommercial travel upon the public ways.

(b) "Motor vehicle" means any self-propelled conveyance designed and used upon the public ways for profit or gain in business or commerce.

(c) "Household goods" or "consumer goods" has the same meaning as the Uniform Commercial Code found at RSA 382-A:9-102 and shall include an automobile. Automobiles and all noncommercial conveyances shall be exempt from the license and registration required of commercial motor vehicles.

(d) "Operator" or "driver" means one who controls the movement of a conveyance upon the public way for commercial or business purposes.

(e) "Traveler" means one who controls the automobile or other noncommercial conveyance.

(f) "Common law" means the sole remedy for any controversy arising from or by the public use of household goods or consumer goods such as an automobile or other noncommercial conveyance.

II. The department of safety shall provide, at no cost, every noncommercial automobile owner or owner of an other noncommercial conveyance with an appropriate decal imprinted with the words "RSA 382-A:9-109 Exempt." The division of motor vehicles shall also issue all noncommercial traveler a photo identification card at no cost with the words "RSA 382-A:9-109 Exempt" printed on such identification card. This identification card is not a contract or a license or instrument that would require compelled performance by the holder and shall provide every law enforcement agency with notice of the holder's exemption from the statutes that are required for the commercial use of the public way for profit or gain.

III. The automobile and all noncommercial conveyances are exempt from registration and taxation and the owner of such automobile or noncommercial conveyance are exempt from the requirement of a license that is necessary for commercial use of the public ways. The owner of the automobile shall be considered to be exercising the common unalienable "Right to Travel on the public right-of-way in the ordinary and lawful pursuit of life, liberty, and the pursuit of happiness."

3 Vanity Plate Fees. Amend RSA 263:52, I to read as follows:

I. The proceeds from [original license fees as provided in RSA 263:42 and] the vanity plate service fee collected in accordance with RSA 261:89, plus the fee for the renewal of the use of such plates, after any refunding authorized by law and costs of such plates or designation of effective periods thereof and issuance of same have been appropriated and deducted, shall be expended for course materials, licensing of schools, and certification of instructors in connection with safe motor vehicle driving conducted in or under the supervision of secondary schools. Such balance shall be kept in a separate fund. The commissioner of safety shall adopt, pursuant to RSA 541-A, and publish, rules governing the courses of instruction and training.

4 Original and Youth Operators Commercial Licenses; Cross Reference Removed. Amend RSA 263:14, III(a) to read as follows:

(a) The director is authorized to revoke or suspend any original *commercial* license held by a person under 20 years of age after a hearing upon a showing by its records or other sufficient evidence that the driver has committed an offense, excluding the offenses of [RSA 261:40,] RSA 261:59[,] and RSA 266:5, following the issuance of an original *commercial* license for which the original *commercial* license holder has been convicted.

5 Drivers' Licenses; Rules. Amend RSA 21-P:14, IV to read as follows:

IV. The commissioner of safety shall adopt rules, under RSA 541-A [and RSA 260:5], relative to licensing *commercial* drivers as follows:

(a) [Procedures for and information required on driver's license applications, including all necessary forms, as authorized by RSA 263:5.

(b) Driver's license examination and reexamination requirements, as authorized by RSA 263:6 and 263:7.]

[(c)] Restricted *commercial* licenses, as authorized by RSA 263:13.

[(d)] *(b)* Conditions and requirements for a *commercial* driver's license, as authorized by RSA 263:14-263:33-b.

[(e)] *(c)* Intrastate *commercial* licenses for nonresidents, as authorized by RSA 263:39-a.

[(f)] *(d)* Access to information regarding anatomical gifts, as authorized by RSA 263:41.

[(g) Collection of drivers' license fees, as authorized by RSA 263:42.]

[(h)] *(e)* Petitions for refund of fees, as authorized by RSA 263:43.

[(i)] *(f)* Application and requirements for issuance of *commercial* motor vehicle drivers' school licenses, as authorized by RSA 263:44-47 and 263:49-51.

[(j)] *(g)* Suspension or revocation of a *commercial* driver's license or driving privilege, as authorized by RSA 263:53 through RSA 263:65, RSA 263:73, RSA 265-A:26, and RSA 265-A:29.

[(k)] *(h)* Appeals of *commercial* driver's license denial, suspension, or revocation, as authorized by RSA 263:75, RSA 265-A:34, and RSA 263:76.

[(l)] *(i)* Application for and issuance of a *commercial* vanpooler's permit, as authorized by RSA 376:2, XII.

[(m)] *(j)* Commercial driver license requirements, as authorized by RSA 263:98.

[(n) Temporary driver's licenses, including procedures for the issuance, revocation, form, and other related matters, as authorized by RSA 263:5-a.]

[(o)] *(k)* Format, content and procedures for the display of the notice required under RSA 260:10-a, II.

[(p)] *(l)* Criteria for waiver of the default fee required under RSA 263:56-a, I-a.

[(q)] *(m)* Approval of driver attitude programs and fee as provided in RSA 263:56-e.

[(r)] *(n)* Administrative suspension of motor vehicle *commercial* licenses pursuant to RSA 265:91-b and RSA 265:91-c and RSA 265-A:30 through RSA 265-A:32, including notices, forms, temporary driving permits, hearing procedures, and procedures for restoration after the suspension period.

[(s)] *(o)* Establishment of administrative procedures to aid in the collection of protested checks relating to *commercial* drivers' licenses, vehicle registrations, titles, permits or fees, including provisions for suspension of *commercial* license, registration, title, or permit.

[(t)] *(p)* Procedures for conducting the problem *commercial* driver pointer system search, including forms and procedures to be used in conducting a problem *commercial* driver pointer search as initiated by an employer.

6 Commercial License Expiration. Amend RSA 263:10 to read as follows:

263:10 *Commercial* License Expiration.

I. [Except as provided in RSA 263:5-f, I, RSA 263:14, and RSA 263:39-a, III, all] *All commercial* licenses shall expire on the fifth anniversary of the *commercial* license holder's date of birth following the date of issuance. The department shall notify each holder of a *commercial* license by mail addressed to the holder's last known address, or, if the *commercial* license holder has so elected, by electronic, telephonic, or other means, 30 days prior to the expiration date thereof of a place and time when he or she shall appear for the issuance of a new *commercial* license and any availability of electronic *commercial* license renewal.

II. Notwithstanding paragraph I, the director may adopt rules pursuant to RSA 541-A providing for the renewal of [driver] *commercial* licenses by applicants on-line rather than by appearing in person; provided that the applicant is otherwise eligible for *commercial* license renewal, [is not required to submit to a road test under the provisions of RSA 263:7,] has submitted proof sufficient to the director that he or she meets the visual acuity requirements for *commercial* licensing, and has a computerized image on file with the division. A *commercial* license may be renewed on-line only once in every other license renewal cycle and the next cycle shall require appearance in person at a *commercial* licensing facility.

7 Selective Service Registration. Amend RSA 187-A:39 to read as follows:

187-A:39 Application.

[I.] No person who is not in compliance with the Military Selective Service Act as provided in 50 U.S.C. app. section 451 et seq. shall:

[(a)] *I.* Be permitted to enroll in a state-supported institution of postsecondary or higher education.

[(b)] *II.* Be eligible to receive a loan, grant, scholarship, or other financial assistance for postsecondary higher education supported by state revenue, including federal funds, gifts, or grants accepted by the state, or to receive a student loan guaranteed by the state.

[(c)] *III.* Having attained the age of 18 years, be eligible for employment by or service to the state or any political subdivision of the state, including all state boards, commissions, departments, agencies, and institutions.

[II. A person who has authorized the department of safety to submit information to the Selective Service System pursuant to RSA 263:5-c shall be considered to be in compliance with the Selective Service Act for purposes of this section.]

8 License Required. Amend RSA 263:1, I to read as follows:

I. No person, except those expressly exempted under RSA 263:25 or other provisions of this title, shall drive any motor vehicle upon any way in this state *for commercial purposes* unless such person has a valid driver's license, as required under the provisions of this chapter, for the class or type of vehicle being driven.

9 Possession of License. Amend RSA 263:2 to read as follows:

263:2 Possession of License Required. Every person driving a motor vehicle *for commercial purposes* shall have his *or her* driver's license upon his *or her* person or in the vehicle in some easily accessible place and shall display the same on demand of and manually surrender the same into the hands of the demanding officer for the inspection thereof. No person charged with a violation of this section shall be convicted if, within a period of 48 hours, he *or she* produces in the office of the arresting officer evidence that he *or she* held a valid driver's license which was in effect at the time of his *or her* arrest.

10 Repeal. The following are repealed:

I. RSA 263:1-a, relative to allowing an unlicensed driver to drive a car.

II. RSA 263:1-b, relative to offenses committed by an unlicensed driver.

III. RSA 263:1-c, relative to the effect of a drivers' license.

IV. RSA 263:1-d, relative to enhanced drivers' licenses and identification cards.

V. RSA 263:4, relative to limiting a driver to one license.

VI. RSA 263:5, relative to an application for a driver's license.

VII. RSA 263:5-a, relative to an application by a new resident.

VIII. RSA 263:5-b, relative to drivers' licenses for members of the armed forces.

IX. RSA 263:5-c, relative to compliance with federal selective service requirements.

X. RSA 263:5-d, relative to acceptable forms of identification in order to receive a drivers' license.

XI. RSA 263:5-e, relative to proof of residence in order to receive a drivers' license.

XII. RSA 263:5-f, relative to application for a driver's license by residents without a permanent street address.

XIII. RSA 263:6, relative to requiring the completion of an examination in order to receive a driver's license.

XIV. RSA 263:6-a, relative to informing first-time applicants of the DWI and controlled drug laws.

XV. RSA 263:6-b, relative to the medical/vision advisory board.

XVI. RSA 263:6-c, relative to blind pedestrian information and examination.

XVII. RSA 263:6-d, relative to reporting medically unfit persons.

XVIII. RSA 263:7, relative to reexamination for a driver's license.

XIX. RSA 261:52-a, relative to notice that interest and dividends tax may be due.

XX. RSA 263:42, I, relative to fees for drivers' licenses.

XXI. RSA 261:59-a, relative to proof of valid registration.

11 Effective Date. This act shall take effect 60 days after its passage.

LBAO
18-2144
11/30/17

## HB 1778-FN-A-LOCAL- FISCAL NOTE
### AS INTRODUCED

AN ACT relative to registration of commercial motor vehicles and operator's/drivers' licenses.

**FISCAL IMPACT:** [ X ] State   [ ] County   [ X ] Local   [ ] None

| STATE: | Estimated Increase / (Decrease) | | | |
|---|---|---|---|---|
|  | FY 2019 | FY 2020 | FY 2021 | FY 2022 |
| Appropriation | $0 | $0 | $0 | $0 |
| Revenue | Indeterminable Decrease | Indeterminable Decrease | Indeterminable Decrease | Indeterminable Decrease |
| Expenditures | Indeterminable | Indeterminable Decrease | Indeterminable Decrease | Indeterminable Decrease |
| *Funding Source:* | | | | |

|  | [X] General | [ ] Education | [X] Highway | [X] Other - Restricted Cost of Collections* and Others (See Methodology) |
|---|---|---|---|---|

*Pursuant to Part II, article 6-a of the New Hampshire constitution, any costs associated with the collection and administration of Highway Funds by the Department of Safety shall be deducted by the Department before such funds are credited to the Highway Fund as unrestricted revenue.

**LOCAL:**

| Revenue | Indeterminable Decrease | Indeterminable Decrease | Indeterminable Decrease | Indeterminable Decrease |
|---|---|---|---|---|
| Expenditures | Indeterminable | Indeterminable | Indeterminable | Indeterminable |

**METHODOLOGY:**

This bill repeals laws requiring a driver's license for all non-commercial drivers and the registration requirement for all non-commercial vehicles and conveyances, as well as requires the Department of Safety to issue non-commercial automobile owners a vehicle decal stating the vehicle is exempt from registration and a photo identification card, both at no cost. Vehicles will also no longer require an annual inspection. Lastly, this bill removes the compliance aspect with the Selective Service Act for those who have authorized the Department to submit information to the Selective Service System.

The changes proposed in this bill would result in revenue reduction due to the elimination of licensing, registration, and inspection requirements, both to the state and local governments. Based on current registration and licensing data, this bill will have the following estimated impact on state and local revenues:

|  | FY 2019 | FY 2020 | FY 2021 | FY 2022 |
|---|---|---|---|---|
| **State Revenue** |  |  |  |  |
| Registration | ($86,000,000) | ($86,000,000) | ($86,000,000) | ($86,000,000) |
| Licensing | ($12,500,000) | ($12,500,000) | ($5,500,000) | ($12,500,000) |
| Inspection | ($4,000,000) | ($4,000,000) | ($4,000,000) | ($4,000,000) |
| **State Total** | ($102,500,000) | ($102,500,000) | ($95,500,000) | ($102,500,000) |
|  |  |  |  |  |
| **Local Revenue** |  |  |  |  |
| Registration | ($250,255,684) | ($250,255,684) | ($250,255,684) | ($250,255,684) |
| Apportionment A* | $0 | ($12,300,000) | ($12,300,000) | ($11,460,000) |
| **Local Total** | ($250,255,684) | ($262,555,684) | ($262,555,684) | ($261,715,684) |

*Pursuant to RSA 235:23 ("Apportionment A"), 12 percent of total road toll revenue and motor vehicle fees are distributed from the state highway fund to cities and towns pursuant to the specified formula in the following year.

The above state revenue reductions would impact the state general fund, highway fund, several revolving funds including the motorcycle rider safety fund and driver training fund, and the conservation number plate fund which allocates funds to department of transportation, department of natural and cultural resources, department of fish and game, the state conservation committee, and the land and community heritage investment authority.

The division of motor vehicles' (DMV) driver license software would need to be modified to allow for the issuance of the new type of identification card required by this bill. The vendor has estimated a cost of approximately $300,000 to reprogram the system to issue this identification card. The above cost does not include the cost of design and production of the new identification card. A new card type would need to be designed and produced and the driver license production system would need to be reprogrammed to accommodate production of the new card. The cost associated with this system change is indeterminable at this time. Municipalities may also incur system programming costs in FY 2019 to reflect the changes in this bill, the overall impact to local expenditures cannot be determined.

**AGENCIES CONTACTED:**

Department of Safety